Joe S. RAY, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 18224.

United States Court of Appeals
Fifth Circuit.

Oct. 21, 1960.

William T. Rogers and John W. Donahoo, Jacksonville, Fla., Mitchell, Donahoo & Rogers and Rutheled B. Wolter, Jacksonville, Fla., of counsel, for petitioner.

Hart H. Spiegel, Chief Counsel, John M. Morawski, Sp. Atty., I.R.S., Washington, D. C., Charles K. Rice, Asst. Atty. Gen., Carolyn R. Just, Lee A. Jackson, I. Henry Kutz, Fred E. Youngman, Attorneys, Department of Justice, Washington, D. C., for respondent.

Before JONES, Circuit Judge, and HOOPER and JOHNSON, District Judges.

## PER CURIAM.

The petitioner, Joe S. Ray, the owner of a substantial tract of timber land, entered into a written agreement in 1952 with Mengel Company under which it was to acquire 40,000 cords of pulpwood over a period of ten years at the market price prevailing at the time of cutting and delivery. At the time of the execution of the agreement, there was an advance from Mengel to Ray of $40,000, stipulated as $1.00 per cord for the pulpwood covered by the contract. The Petitioner contended that this advance was entitled to capital gains treatment, in computing his federal income tax, under the provisions of Section 117(k) (2) of the Internal Revenue Act of 1939, as amended.[1] The Commissioner held that the payment should be taxed as ordinary income, and the Tax Court sustained this determination. 32 T.C. 1244. The Tax Court construed the contract as not making a "disposal of timber" so as to bring the transaction within Section 117(k) (2). We agree with the Tax Court's construction and affirm its decision.

A question as to the effect of the agreement, to be ascertained by a construction of its terms, is a question of law. The determination of a question of law by the Commissioner is not entitled to any presumption of correctness. The Tax Court's opinion shows that the question was decided as a legal issue without benefit of any presumption, even though the last paragraph of the Tax Court's opinion[2] might suggest that it had indulged in such a presumption.

The judgment of the Tax Court is Affirmed.

1. "In the case of the disposal of timber or coal (including lignite), held for more than 6 months prior to such disposal, by the owner thereof under any form or type of contract by virtue of which the owner retains an economic interest in such timber or coal, the difference between the amount received for such timber or coal and the adjusted depletion basis thereof shall be considered as though it were gain or loss, as the case may be, upon the sale of such timber or coal. * * *" 26 U.S.C.A. § 117(k) (2).

2. "We hold that petitioner has failed to meet the burden of proving error in respondent's determination. * * *"